IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRUTEMP REFRIGERATION & COMMERCIAL CLIMATE, LLC, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL CASE NO. 1:23-cv-667-ECM [WO] |
| DANIELLE MOWBRAY, *et al.*, ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

A district court may exercise its "inherent authority" in conjunction with Federal Rule of Civil Procedure 41(b) to dismiss a case sua sponte for want of prosecution. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (citing *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980))[1]; FED. R. CIV. P. 41(b). With this authority, courts may manage their dockets by dismissing actions for failure to prosecute or failure to obey court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).

Here, the Plaintiff TruTemp Refrigeration & Commercial Climate, LLC failed to find new counsel and disregarded the Court's show cause order, which asked the Plaintiff

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit held that all Fifth Circuit decisions prior to October 1, 1981, are binding precedent.

to articulate why the case should not be dismissed for want of prosecution (doc. 33).[2] The Court finds that lesser sanctions than dismissal will not suffice and that the case is due to be DISMISSED without prejudice.

## II. LEGAL STANDARD

"The court may dismiss an action . . . under Rule 41(b) for failure to prosecute or failure to obey a court order." *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006)[3] (citing FED. R. CIV. P. 41(b); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)). To dismiss a case, a district court must find: (1) "a clear record of delay or willful contempt" and (2) "that lesser sanctions would not suffice." *Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Generally, it "is not an abuse of discretion" to dismiss an action when "the litigant has been forewarned" about dismissal and still disregards a court order. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (citing *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982); *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 n.8 (5th Cir. 1980)).

## III. FACTS

On May 20, 2024, the Court granted the Plaintiff's motion for extension of time to amend pleadings. (Doc. 30). The deadline to file amended pleadings was reset to July 15, 2024. (*Id.*). On July 24, 2024, counsel for the Plaintiff filed a motion to withdraw as attorneys (doc. 31), which the Court granted (doc. 32). Subsequently, the Court stayed

---

[2] The Court refers to document numbers generated by the Court's CM/ECF system.

[3] The Court here, and elsewhere in the opinion, cites to non-binding authority. While the Court recognizes that these cases are not binding precedent, the Court finds them persuasive.

the case for thirty days to allow the Plaintiff to secure new counsel and ordered that the new counsel file a notice of appearance on or before August 24, 2024. (Doc. 32). The Plaintiff has not filed an amended pleading or a notice of appearance from counsel. On August 30, 2024, the Court issued a show cause order for why the case should not be dismissed for want of prosecution and ordered that the Plaintiff respond on or before September 6, 2024. (Doc. 33). That deadline has passed without a response from the Plaintiff.

## IV.  DISCUSSION

The Court finds that dismissal without prejudice is appropriate because the Plaintiff failed to respond to Court orders and that lesser sanctions would not suffice. In *Popham v. Cobb County Government*, the Eleventh Circuit affirmed the district court's dismissal without prejudice when the plaintiff ignored two court orders to amend his complaint. 392 F. App'x 677, 680–81 (11th Cir. 2010). In the second order, the Court warned the plaintiff that his case would be dismissed if he failed to comply with the order. *Id.* Like the plaintiff in *Popham*, the Plaintiff has ignored Court orders and failed to respond to an order to show cause why the case should not be dismissed for failure to prosecute. (*See* doc. 32). The Court previously granted the Plaintiff relief to file an amended complaint, (doc. 30), stayed the case to allow the Plaintiff to find new counsel, (doc. 32), and ordered the Plaintiff to show cause why the case should not be dismissed for want of prosecution (doc. 33). Still, the Plaintiff has done nothing, effectively abandoning his claims. The Plaintiff's contempt for the Court's orders and ambivalence towards prosecuting this case support dismissal without prejudice because no lesser sanction would suffice.

## V. CONCLUSION

Accordingly, and for good cause, the Court finds that the case should be DISMISSED without prejudice for want of prosecution and failure to comply with the Court's orders.

A separate judgment will be entered.

Done this 30th day of September, 2024.

                                                /s/ Emily C. Marks
                                      EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE